**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PAUL HENRY,**

                                Plaintiff,

    vs.                                                          9:15-cv-01108
                                                                   (MAD/DEP)

**C.O. MATTHEW L. LIBERTY**;
**C.O. JUSTIN M. REIL; AND**
**C.O.S JOHN DOE**

                                Respondent.
_____

**APPEARANCES:**                               **OF COUNSEL:**

**PAUL HENRY**
07-A-1752
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff *Pro Se*

**ERIC T. SCHNEIDERMAN,**                   **RACHEL M. KISH, AAG**
**ATTORNEY GENERAL OF**
**THE STATE OF NEW YORK**
The Capitol
Albany, New York 12224
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     Paul Henry ("Plaintiff"), currently incarcerated at Attica Correctional Facility in Attica, New York, brings this civil rights action as a *pro se* litigant, pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1 at ¶ 1. Correction Officers Matthew L. Liberty and Justin M. Reil (collectively "Defendants") have moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") for failure to state a claim upon which relief can be granted. *See* Dkt. No. 16. On July 18, 2016, Magistrate Judge David E. Peebles issued a

Report and Recommendation, recommending that Defendants' motion to dismiss be denied without prejudice to renew at a later procedural juncture. *See* Dkt. No. 20. The Parties have not filed any objections to the Report and Recommendation.

Plaintiff alleges that, on October 28, 2012, Defendants and ten other correction officers assaulted him at the Clinton Correctional Facility, which caused traumatic injuries to his head, chest, back, torso, lower extremities, and genitalia. *See* Dkt. No. 1 at ¶ 6. Plaintiff's injuries required hospitalization for several days. *See id.* Plaintiff commenced this action on September 14, 2015. *See* Dkt. No. 1. In his complaint, Plaintiff claims that Defendants' actions violated his Eighth Amendment rights to be free from cruel and unusual punishment. *See id.* at ¶ 7. Plaintiff states in the complaint that he did not file a grievance regarding the alleged assault. *See id.* at ¶ 4. Defendants move to dismiss Plaintiff's complaint contending that Plaintiff failed to exhaust his administrative remedies. *See* Dkt. No. 16-1. According to Defendants, Plaintiff did not utilize the prison grievance procedure that was available to him prior to commencing this Section 1983 action, which is in violation of the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a). *See* Dkt. No. 16-1 at 2-6. Plaintiff opposed the motion claiming that he was not required to grieve the incident because it was "non-grievable" pursuant to "DOCCS Directive Number 3375R."[1] *See* Dkt. No. 18 at 7-8. Plaintiff also argued that, during the grievance period, he was hospitalized due to his injuries from the assault and then transferred to the special housing unit ("SHU"). *See id.* While in SHU, the correction officers would not provide him with forms upon his request, according to Plaintiff. *See id.*

---

[1] "[T]he mandate to read the papers of *pro se* litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint." *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 461 (N.D.N.Y. 2009).

2

In his Report and Recommendation, Magistrate Judge Peebles recommends that Defendants' motion be denied without prejudice to renew at a later procedural juncture. *See* Dkt. No. 20. Specifically, Magistrate Judge Peebles found that there is no merit to Plaintiff's first argument that a "DOCCS Directive" excuses Plaintiff's failure to exhaust administrative remedies because the directive cited is specific to City of New York Department of Correction, which is not inclusive of Attica Correctional Facility. *See id.* However, Magistrate Judge Peebles found that, accepting Plaintiff's statements as true, Plaintiff was denied access to the Inmate Grievance Program ("IGP") when the correction officers would not provide him with the grievance forms in SHU. *See id.* (citing *Manon v. Albany County*, No. 11–CV–1190, 2012 WL 6202987, *5 (N.D.N.Y. Oct. 9, 2012) (Hummel, M.J.), *adopted by* 2012 WL 6202984 (Suddaby, J.)). Accordingly, Magistrate Judge Peebles concluded that, at this early stage in the proceeding, Defendants are unable to establish that the IGP was available to Plaintiff prior to the commencement of this action. *See id.* at 16.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). Failure to object timely to any portion of a magistrate judge's report operates as a waiver of further judicial review of those matters. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993)

(quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). Here, the Parties have not filed any objections to the Report and Recommendation.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)).

In the present matter, having carefully reviewed Magistrate Peebles' Report and Recommendation, the Parties' submissions, and the applicable law, the Court concludes that Magistrate Judge Peebles correctly determined that Defendants are unable to establish their affirmative defense that Plaintiff did not exhaust his administrative remedies prior to commencing this action. To be sure, PLRA "requires an inmate to exhaust all available administrative remedies prior to bringing a federal civil rights action." *Brooks v. Rock*, No. 9:11-cv-1171, 2014 WL 1292232, *8 (N.D.N.Y. Mar. 28, 2014); *see also* 42 U.S.C. § 1997e(a); *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). However, there is "one significant qualifier: the remedies must indeed be 'available' to the prisoner." *See Ross*, 136 S. Ct. at 1856, 1858 (stating that, under PLRA, an inmate must exhaust available remedies, "but need not exhaust unavailable ones."). Where, as

here, a plaintiff claims that the grievance process was unavailable to him, the Court agrees with Magistrate Judge Peebles that it would be improper to grant Defendants' motion to dismiss.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report and Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **DENIED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules; and the Court further

**IT IS SO ORDERED.**

Dated: September 29, 2016
Albany, New York

Mae A. D'Agostino
U.S. District Judge