IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

PAUL HENRY,

        Plaintiff,

v.

MATTHEW L. LIBERTY, *et al.*,

        Defendants.

Civil Action No.
9:15-CV-1108 (MAD/DEP)

APPEARANCES:

FOR PLAINTIFF:

PAUL HENRY, *Pro se*
07-A-1752
Sullivan Correctional Facility
Box 116
Fallsburg, NY 12733

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN
New York State Attorney General
The Capitol
Albany, NY 12224

OF COUNSEL:

RACHEL M. KISH, ESQ.
Assistant Attorney General

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Currently pending before the court in connection with this action is a motion brought by the plaintiff to compel the defendants to provide additional discovery. For the reasons set forth below, the motion is denied without prejudice.

I.   BACKGROUND

On September 14, 2015, *pro se* plaintiff Paul Henry, a New York State prison inmate, commenced this civil rights action pursuant to 42 U.S.C. § 1983 against two named individuals and several "John Doe" defendants, all of whom are alleged to be corrections officers employed by the New York State Department of Corrections and Community Supervision ("DOCCS") at the Clinton Correctional Facility ("Clinton"). Dkt. No. 1. In his complaint, plaintiff alleges that, on or about October 28, 2012, he was assaulted by corrections officers causing him to suffer serious injuries. *Id.* at 4-6. As relief, plaintiff's complaint requests an award of compensatory and punitive damages in the amount of $20 million. *Id.* at 7.

The court issued a mandatory pretrial discovery and scheduling order in the action on October 7, 2016. Dkt. No. 24. Among other things, the order required defendants to produce certain documents relating to plaintiff's claims, and specified the types of documents covered. *Id.* Particularly, in

cases involving claims of the use of excessive force, the order required the production of documents falling into the following categories:

> Photographs; unusual incident reports; use-of-force reports; disciplinary charges; records (including transcripts) of disciplinary hearings; determinations of disciplinary charges and appeals therefrom; videotapes and/or audiotapes, and medical records concerning treatment for any injuries allegedly received by the plaintiff as a result of the incident(s) alleged in the complaint.

*Id.* at 7 (footnotes omitted). In compliance with this directive, defendants' counsel sent plaintiff a letter on December 21, 2016, accompanied by nearly four hundred pages of materials, all of which were indexed by Bates stamp numbers. Dkt. No. 38-1. Defendants supplemented that disclosure on December 27, 2016, with the production of additional records. Dkt. No. 38-2.

On January 6, 2017, plaintiff filed a document entitled "notice of motion to produce" with the court. Dkt. No. 35. Plaintiff requests the production of documents falling into nine enumerated categories. *Id.* In response, defendants' counsel wrote to the court on January 12, 2017, advising that plaintiff had not previously requested the documents set forth in his motion, and asking that the court therefore consider the motion papers as a request for the production of documents pursuant to Rule 34 of the

Federal Rules of Civil Procedure.[1] Dkt. No. 38. A text order was subsequently issued on January 12, 2017, granting that request, deeming plaintiff's submission (Dkt. No. 35) to be a demand for the production of documents, and directing defendants to respond to the notice on or before February 6, 2017. Dkt. No. 39.

On February 6, 2017, the court received a communication from the plaintiff, alleging that defendants' response to his request to produce was deficient. Dkt. No. 40. Defendants have since responded, by letter dated February 8, 2017, in essence arguing that all relevant documents that are within the possession of defendants or the DOCCS, including those sought by plaintiff, have been produced. Dkt. No. 42. Plaintiff filed an additional letter on February 15, 2017, reiterating his position that certain materials have not been produced as directed in the court's order dated October 7, 2016. Dkt. No. 44.

## II. DISCUSSION

The court has reviewed defendants' response, dated January 30, 2017, and supplemental response, dated February 1, 2017, to plaintiff's motion to produce, and finds no reason to conclude that plaintiff has not

---

[1] In that correspondence, defendants' counsel also advised that many of the documents sought by plaintiff were previously produced in response to the court's mandatory pretrial discovery and scheduling order. Dkt. No. 38 at 1; Dkt. No. 38-1 at 1.

received all of the documents demanded, and to which he is entitled, that are currently within the possession, custody, or control of defendants or DOCCS. Many of defendants' responses refer plaintiff to materials contained within the nearly four hundred pages of initial disclosures, and identify specific Bates stamp numbers associated with the requested documents. To the extent plaintiff believes that there are other documents within the possession, custody, or control of defendants and/or the DOCCS that are relevant to his claims and have been requested but not produced, he is directed to confer with defendants' counsel as required by both the Federal Rules of Civil Procedure and the local rules of this court, identifying with specificity the documents requested. In the event the parties are unable to agree with regard to any such specific requests, plaintiff may then apply to the court for permission to file a motion to compel discovery.

There are two specific issues raised by plaintiff that require further discussion. Plaintiff appears to request documents associated with an investigation conducted by the New York State Police into the relevant events. As defendants correctly argue, the New York State Police, as an agency, is not a party to this action and therefore cannot be compelled to

respond to plaintiff's notice to produce without the issuance of a subpoena addressed to and served upon that agency requesting those documents.[2]

Plaintiff also raises issues concerning documents associated with an investigation conducted by the DOCCS Office of Special Investigations ("OSI"). From the submissions now before the court, it appears that plaintiff was permitted to inspect those records, subject to certain redactions. Dkt. No. 38-3. I agree with defendants that, for legitimate penological reasons, plaintiff should not be permitted to retain copies of the OSI investigative file associated with the incident at issue in this matter. *See Grant v. Fischer*, No. 14-CV-1382, Dkt. No. 51 at 6 (N.D.N.Y. issued Aug. 9, 2016) (Stewart, M.J.) ("[T]he Court agrees that providing the Plaintiff with an opportunity to review the [OSI] Report, but not possess it, is the appropriate course which adequately protects all the parties' interests.").[3]

---

[2] In the event that such documents exist and are within the custody of defendants' counsel, the court directs counsel to provide those documents to the plaintiff.

[3] A copy of this unreported decision has been appended for the convenience of the *pro se* plaintiff.

III.   SUMMARY AND ORDER

For the reasons set forth above, it is hereby

ORDERED as follows:

(1)   Plaintiff's motion to compel discovery (Dkt. No. 35) is DENIED without prejudice to renewal following conferral with defendants' counsel concerning any specific documents alleged to be within the scope of discovery as set forth in Rule 26(b) of the Federal Rules of Civil Procedure and within the possession, custody, or control of defendants and/or the DOCCS.

(2)   No costs or attorney's fees are awarded in connection with plaintiff's motion.

(3)   The parties are hereby advised that they may appeal this ruling to District Judge Mae A. D'Agostino. Any such appeal must be filed within fourteen days of the date of service of this order.[4]

---

[4]   If you are proceeding *pro se* and are served with this decision and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the decision and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

(4) The clerk is respectfully hereby directed to forward copies of this order to the parties pursuant to the court's local rules.

_David E. Peebles_
U.S. Magistrate Judge

Dated: February 16, 2017
Syracuse, New York

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WILLIAM T. GRANT,

                          Plaintiff,

        - v -                               Civ. No. 9:14-CV-1382
                                                  (MAD/DJS)

BRIAN FISCHER, *et. al.,*

                          Defendants.

**APPEARANCES:**                         **OF COUNSEL:**

WILLIAM T. GRANT
95-A-3324
Plaintiff, *Pro Se*
Green Haven Correctional Facility
P.O. Box 4000
Stromville, NY 12582

HON ERIC T. SCHNEIDERMAN             ORIANA CARRAVETTA, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Counsel for Defendants
Litigation Bureau
The Capitol
Albany, NY 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

*Pro se* Plaintiff William Grant moves the Court to compel production of a hard copy of the Inspector General's[1] Investigative Report into his alleged misconduct as an inmate at the Great Meadow Correctional Facility, and for sanctions. Dkt. No. 39. The Plaintiff has

---

[1] The Office of Inspector General ("IG") is now known as the Office of Special Investigations ("OSI").

been provided with an opportunity to view the contents of the Investigative Report, but believes that the production of a hard copy of that Report is essential to oppose Defendants' Summary Judgment Motion.[2] *Id.* at p. 2. The Defendants oppose the Motion upon two primary grounds: (1) that the law enforcement privilege and security reasons justify only a visual review of the documents, and (2) that the documents are not relevant to Plaintiff's remaining claim of a due process violation. Dkt. No. 42 at p. 2. For the reasons that follow the Plaintiff's Motion is **denied**.

## I. PROCEDURAL HISTORY

Plaintiff initially commenced this action asserting claims that arose out of the conditions of his confinement while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1, Compl. In particular, Plaintiff alleges that on October 6, 2011, while confined at the Great Meadow Correctional Facility, he was served with a misbehavior report alleging that he conspired with others to introduce heroin into the facility; solicited others to smuggle items into the facility, and engaged in a third-party telephone call. *Id*. at ¶ 9. The events in question allegedly occurred approximately one month earlier on September 8, 2011. *Id.*

The disciplinary charges against the Plaintiff were authored by Investigator Klose.[3] *Id*. at ¶¶ 6 & 9. Plaintiff was assisted in his defense by J. Winney (formerly "J. Atkinson").

---

[2] At the time Plaintiff filed his Motion to Compel, Defendants had not yet moved for summary judgment; however, Defendants' Motion for Summary Judgment has now been filed. *See* Dkt. No. 44.

[3] Defendant Klose was subsequently dismissed from this action. *See* Dkt. Nos. 13 & 26.

*Id.* at ¶ 12. At the hearing, Plaintiff generally maintained his innocence and denied any involvement in an effort to bring heroin into the facility, but did acknowledge that he engaged in a third-party telephone call. *Id.* at ¶¶ 13 & 20. Plaintiff was found guilty of all charges, and the hearing officer, Defendant R. Boissy, imposed a penalty of nine months solitary confinement with corresponding loss of privileges and six months recommended loss of good time. *Id.* at ¶ 25. The disciplinary decision was allegedly affirmed and upheld by Defendants D. Venettozzi and Brian Fischer on December 13, 2011. *Id.* at ¶ 28. Over one year later, on December 18, 2012, Albert Prack, Director of Special Housing/Inmate Disciplinary Programs, reversed the finding of guilt. *Id.* at ¶ 30.

In general, Plaintiff claims that the Defendants violated his Fourteenth Amendment right to Due Process because Plaintiff was found guilty without receiving a fair hearing and without any supporting evidence or proof that he was involved in a conspiracy to import heroin into the facility. *Id.* at ¶¶ 11 & 83. Plaintiff also claims that his Eighth Amendment rights were violated by virtue of the conditions of confinement he was exposed to while in solitary disciplinary confinement. *Id.* at ¶¶ 36-40. The District Court initially dismissed certain claims upon an initial screening review, conducted puruant to 28 USC §§ 1915(e) and 1915A. Dkt. No. 13. Plaintiff then filed an Amended Complaint against Brian Fischer, D. Venettozi, D. Klose, R Boissy, and J. Winney. Dkt. No. 23, Am. Compl. The District Court then conducted an initial screening review of the Amended Complaint, and, pursuant to a Decision and Order, dated July 10, 2015, Plaintiff's Fourteenth Amendment claim against Defendant Klose was dismissed, as was his Eighth Amendment conditions-of-confinement

claim. Dkt. No. 26 at pp. 4-7. Therefore the claims that presently remain consist of the Fourteenth Amendment denial of Due Process claim against Defendant Winney for her alleged failure to adequately assist Plaintiff and the Fourteenth Amendment Due Process claims against Defendants Boissy, Fisher, and Venettozi arising out of the conduct of the hearing and the penalty that was imposed. *Id.* at p. 7.

## II. DISCUSSION

As an initial matter, the Defendants maintain that the sought-after Investigative Report has no relevance to the claims at hand, as it merely led to the disciplinary charges, and the constitutional claims at issue relates solely to the Defendants' processing of those charges. *See* Dkt. No. 42 at p. 8. ("Simply stated, everything contained in the [Office of Special Investigations ("OSI")] file predates plaintiff's Tier III hearing and has absolutely no bearing on the process afforded to plaintiff at the subsequent Tier hearing. The substance of the OSI file sought by plaintiff involved events *that led to* the issuance of the MBR to plaintiff. . . . Each of the remaining named defendants . . . was *not* involved in the OSI investigation[.]") (emphasis in original). However, the Court is not in a position to so narrowly construe discovery in this case. Indeed, part of the Plaintiff's claim is that he should have been provided access, by way of his assistant, to the Report prior to the hearing so that he could adequately prepare a defense. Furthermore, Plaintiff maintains that the documents which make up the Investigative Report show that the charges themselves were baseless and unwarranted. Dkt. No. 43, Pl.'s Reply at p. 3. The Defendants, of course, disagree, but the Court will not require the Plaintiff to forgo this area of discovery.

Defendants have next raised the issue of the law enforcement privilege. Dkt. No. 42 at pp. 2-6. It is clear that the Second Circuit and the District Courts have recognized this particular privilege and, while the privilege is a qualified one which can be overcome, care must be exercised in disclosing documents that may contain the name of informants, agents, or practices and procedures. *See In re City of N.Y.*, 607 F.3d 923, 941 (2d Cir. 2010) (noting that the law enforcement privilege's purpose is to, among other things, "prevent disclosure of law enforcement techniques [and] procedures and to preserve confidentiality of sources."); *McCaskill v. Bresset*, Civ. No. 9:13-CV-1487, Dkt. No. 43 (N.D.N.Y. Jan. 7, 2015) (applying law enforcement privilege to contents of Inspector General's file, and allowing Plaintiff to only examine and to take notes of redacted file); *Guillory v. Overbaugh*, Civ. No. 9:13-CV-1353, Dkt. No. 51 (N.D.N.Y. March 24, 2015) (same). As noted by then-Magistrate Judge Randolph Treece in *Guillory*: "IG reports deserve some protections and courts usually fashion various remedies to foster their confidentiality." *Guillory*, Civ. No. 9:13-CV-1353. at p. 3.

In their own balancing of DOCCS' interests in not disclosing the specifics of the Investigation Report and the right of Plaintiff to obtain potentially relevant discovery, the Attorney General's office has taken a counseled position that Plaintiff need not be barred from reviewing the Investigative Report in *toto*, but that he should be prevented from having a hard copy of the Report which could then, either intentionally or unintentionally, be passed to the prison population. *See* Dkt. No. 42 at pp. 5-6. The Plaintiff, in turn, expresses his need for a hard copy of the Report so that he can prepare an adequate response to the

dispositive Motion, and objects to the application of the law enforcement privilege by noting that OSI is not a law enforcement agency and, moreover, that the Investigative Report contains no informant information and no real confidential investigative techniques. For example, he notes that the fact that prison officials record inmate calls is well known within the facility. Dkt. No. 43 at pp. 1-2.

The Federal Rules of Civil Procedure were changed in December 2015, and with regard to the scope of discovery the Rules now state:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit

FED. R. CIV. P. 26(b)(1).

The new amendments to the Federal Rules generally provide substantial authority to the Court to craft discovery orders to fit the particular needs of each case. In the present matter, and mindful of the legitimate concerns of DOCCS and the facility, as adequately set forth by the Affidavit of Stephen Maher, Dkt. No. 42-1, the Court agrees that providing the Plaintiff with an opportunity to review the Report, but not possess it, is the appropriate course which adequately protects all the parties' interests. Accordingly the Court **denies** Plaintiff's Motion to Compel insofar as he requests the production of a hard copy of the Investigative Report, and further **denies** Plaintiff's request for sanctions.

However, certain additional points need to be made. First, the Plaintiff was initially allowed to see the Investigative Report in December 2015. Since that time, however,

Defendants have filed a comprehensive Motion for Summary Judgment. Fairness dictates that the Plaintiff should be allowed to review the documents again and to take all necessary notes now that he is aware of the precise arguments that the Defendants are making to seek dismissal of his claims. Second, the Plaintiff is advised that the Defendants have provided a complete copy of the Investigative Report at issue directly to the Court's Chambers. The Court will retain a copy of that Report as it reviews the Motion for Summary Judgment. Therefore, if the Plaintiff makes reference to the Report in his papers in opposition to the Motion, the Court will be able to easily refer to the actual Report. Third, in the event that this matter proceeds to trial, and Plaintiff is provided with *pro bono* counsel, that counsel is authorized to obtain an "attorney's eyes only" copy of the Report.

Finally, the deadline for Plaintiff to respond to the Summary Judgment Motion expired while the present Motion to Compel was pending. Because the Plaintiff clearly indicated in his Motion that he needed to review the Investigative Report to prepare his response, and since he has not yet had that opportunity, the Court hereby extends the Plaintiff's time to respond to the pending dispositive Motion until September 15, 2016. Defendants are directed to make arrangements to quickly provide, once again, a copy of the Investigative Report to the Plaintiff for his visual inspection and for note taking, but not to be copied by him.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion to Compel production of a hard copy of the

Investigative Report and for sanctions, (Dkt. No. 39), is **denied**; however, it is further

**ORDERED**, that Plaintiff shall, within fifteen (15) days of the date of this Decision and Order, be provided an opportunity to view the Investigative Report a second time in order to help prepare his response for the Summary Judgment Motion, (Dkt. No. 44), and that Plaintiff's time to respond to that dispositive Motion is hereby extended to September 23, 2016.

**SO ORDERED**.

Date: August 9, 2016
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge